CHARLES HAINES, Appellant, v. MAHASKA BOTTLING WORKS et al., Appellees.

No. 44902.

OCTOBER 24, 1939.

H. S. Life and Theresa Davis, for appellant.

Thomas J. Bray, for appellees.

MILLER, J.—Plaintiff's petition alleged that on August 18, 1938, he was driving his automobile westward on Highway 63 within the limits of Fremont, Iowa, when his car was struck by a truck, owned by defendants and operated with their consent. Plaintiff alleged that the defendants were negligent in not having the truck under control, in failing to grant plaintiff one half of the highway, and in driving across the center of the highway into and upon plaintiff's automobile. Plaintiff also alleged that he was free from any negligence contributing to the collision, and asked for damages for personal injuries to himself and damage to his car. Defendants' answer was a general denial. The cause was tried to a jury. At the close of plaintiff's evidence, defendants moved for a directed verdict. The motion was sustained. Judgment was entered accordingly, and plaintiff appeals therefrom.

It was stipulated that the accident occurred within the limits of the town of Fremont, Iowa. Plaintiff testified that the accident occurred on August 18, 1938, at about 8:15 p. m. It was a fair, warm night. It was dark. The pavement was

dry. Plaintiff had his lights on, was driving west at a speed of about 30 miles an hour in a zone where the speed limit was 35 miles an hour; he was on the right-hand side of the street; the street is paved and is 28 feet wide. There was a semi-trailer, identified as the Snyder truck, headed east, parked on the south side of the street next to the curb, with its lights on. Plaintiff saw the Snyder truck when he was 200 to 500 feet from it. When he passed the Snyder truck, the south side of his car was 2 or 3 feet from the center line of the pavement. At this point, defendants' truck, proceeding east, attempted to pass between plaintiff's car and the Snyder truck. There was insufficient room, the Snyder truck being 8 feet wide, and a collision occurred. Plaintiff did not see defendants' truck until the moment of the collision. At the time of the collision, defendants' truck was about 2 feet over the center line of the street.

Plaintiff attempted to testify regarding the lights on defendants' truck. The record is as follows:

"Q. Shortly prior to the accident, shortly prior to the time that the collision occurred, you may state if you know, were the lights on the truck of the Mahaska Bottling Works burning? A. No.

"Defendant moves to strike out the answer for the reason it is incompetent, immaterial and irrelevant, no issue of that kind in this case.

"Motion sustained—excepted to.

"Q. You may state whether or not if at the time you had the conversation which you have testified to as having had with the driver of the truck, the lights on the truck of the Mahaska Bottling Works truck were lit?

"Defendant objects as immaterial, irrelevant and incompetent.

"Court: Sustained, under the issues made in this case;

"Excepted to."

On this appeal, plaintiff assigns as error the rulings of the court above set forth, in addition to the ruling on the motion for directed verdict.

It was the position of counsel for defendants and of

the trial court, that the motions to strike the testimony regarding the lights on defendants' truck were well grounded, because plaintiff failed to allege, as a ground of negligence on the part of the defendants, the failure to have said lights on at the time of the accident and, accordingly, the evidence was irrelevant. We cannot agree with this position. In addition to the allegations of negligence on the part of the defendants, plaintiff alleged that he was free from contributory negligence. This was denied by defendants. To sustain the burden of proving himself free from contributory negligence, plaintiff was required to prove that he maintained a proper lookout. He testified that it was dark at the time of the accident. He was passing a parked truck with its lights on. The question, whether or not defendants' truck had its lights on when it pulled out from behind the Snyder truck, was very important in determining whether or not plaintiff should have seen it. The evidence offered was relevant to the allegation that plaintiff was free from contributory negligence. It was material evidence bearing on that issue. The competency of the evidence is not challenged by counsel for defendants. The trial court was in error in striking this testimony.

The error was clearly prejudicial and had a direct bearing on the ruling of the court on defendants' motion for a directed verdict. This motion raised three propositions: (1) That defendants had a legal excuse for driving across the center line of the pavement, because it was necessary so to do in passing the Snyder truck, (2) that plaintiff should have anticipated defendants' act, (3) that plaintiff was guilty of contributory negligence in not maintaining a proper lookout. The question, whether or not defendants' truck was lighted, had a direct bearing on all three propositions. It is not necessary for us to decide whether or not the trial court correctly ruled upon the motion, in view of the record as it then stood. It is sufficient to state that, if plaintiff had been permitted to introduce the evidence which the trial court struck from the record, the motion for directed verdict could not have been sustained.

Defendants' motion to dismiss the appeal, which was submitted with the case, has been carefully considered and is overruled.

232

Because of the error on the part of the trial court, the judgment is reversed.—Reversed.

OLIVER, C. J., and BLISS, SAGER, MITCHELL, HALE, RICHARDS, and STIGER, JJ., concur.

HAMILTON, J., dissents on the ruling on the motion to dismiss appeal.